IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| **v.** | ) |
| **JESSIE N. TURNER** | )   2:95-CR-129-JHH-TMP |

**MEMORANDUM OF DECISION REGARDING ORDER GRANTING MOTION TO REDUCE TERM OF IMPRISONMENT**

On March 7, 2008, the movant, acting pro se, filed a motion (doc. #1658) pursuant to 18 U.S.C. § 3582 for reduction of term of imprisonment, requesting that this court modify or reduce his sentence.[1]  For the reasons stated herein, the court concludes that the motion for reduction of sentence should be **GRANTED**, and a separate order to that effect will be entered.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987.  One of these amendments, #706, (the Crack Amendment) represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine

---

[1] On August 14, 2008 a memorandum (doc. #1706) and order (doc. #1707) denying the motion were entered.  The next day, August 15, 2008, an order was entered (doc. #1708) setting aside the August 14, 2008 memorandum and order.  On September 15, 2008 Turner filed a second crack motion (doc. #1728).  Since the earlier crack motion (doc. #1658) is still pending, the September 15,2008 motion (doc. #1728) is **MOOT**.

offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the Crack Amendment, became effective on November 1, 2007.[2] Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the Crack Amendment retroactive. The effective date for retroactive application of the Crack Amendment became March 3, 2008. The U.S.S.C. also amended Guideline § 1B1.10 to include the Crack Amendment (hereinafter referred to as "the amended policy statement"). As such, as of March 3, 2008, the Crack Amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #1658) of Jessie N. Turner to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). The motion seeks the benefit of the Crack Amendment and the amended policy statement.

---

[2] At this point, none of the amendments had any retroactive effect.

The focus of the § 3582(c)(2) motion is the 360 month sentence of imposed upon movant under Count 2.[3]  Movant was found guilty of this charge and was sentenced on May 30, 1996.  Count 2 charged 24 persons, including movant, with a long-running conspiracy under 21 U.S.C. § 846 to violate 21 U.S.C. § 841.  The conspiracy was largely a "family business" utilizing a number of persons outside the family to help market cocaine base.  On March 19, 2006 (the day after the verdict was returned), the court dictated into the record a finding which attributed to Turner 2.3 kilograms of cocaine base.

The following chart sets forth the application of the crack amendment to the instant case:

|  | **Original Sentence** | **Retroactive Sentence Adjustment** |
| --- | --- | --- |
| **Total Offense Level** | 40 | 38 |
| **Criminal History Category** | III | III |
| **Imprisonment Range** | 360 months to Life | 292 - 365 months |
| **Departure** | n/a | n/a |
| **Sentence Imposed** | 360 months | 292 months |

A review of the sentencing issues now confronting this court includes, but is not limited to, the following:

---

[3] The movant was also convicted under Counts 16, 28 and 29 and was sentenced to 48 months to be served concurrently to the sentence in Count 2.

3

1. The movant was originally sentenced to the bottom of the correctly-computed guideline range.

2. As computed in accordance with the amended guideline, the bottom of the range is 292 months, and a sentence at such bottom will result in a reduction of 68 months.

3. While movant's Sentry report indicates several relatively minor infractions during the past 10 years, they, together with movant's criminal history as reflected in the presentence report, do not indicate that there are public safety issues raised by his release at an earlier date.

Pursuant to U.S.S.G § 1B1.10 (b), this court finds that the movant is eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and concludes that the crack amendment applies to the circumstances of the movant. Furthermore, this court concludes that the movant would have been sentenced at the low end of the offense level had the crack amendment been in effect at that time.

Therefore, in light of these considerations and after considering the factors set forth in 18 U.S.C. § 3553(a), this court hereby finds that the sentence in count two should be reduced to a term of **292 months**. In so doing, the court finds that

the movant has not over served the original sentence, and, thereby, specifically retains all options for re-sentencing the movant in the future event that he appears before this court pursuant to a petition for revocation of supervised release.  The 60-months supervised release term imposed at sentencing begins immediately upon movant's release from custody.

A separate order will be entered.  Movant's attention is directed to the "Notice Concerning Appeals" set out below.

## NOTICE CONCERNING APPEALS

A § 3582(c) motion is considered a continuation of the criminal proceeding. A notice of appeal must be filed within ten days from the entry of the judgment or order being appealed.  See *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P.* 4(b)(1)(A)(i).  If the movant was represented by appointed counsel in the Northern District of Alabama at trial or on appeal, movant will not be required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion.  That status will be granted for appeal purposes.  If movant was represented by counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six

months) when a notice of appeal from the denial of the § 3582(c)(2) motion is filed. The Clerk is DIRECTED to provide the movant with an application to proceed *in forma pauperis*.

**DONE** this the   23rd   day of September, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE